NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH SIANO, PETITIONER, v. H. LEM WHITE,
RESPONDENT.

For the petitioner, *J. Frank Weigand.*

For the respondent, *McCarter & English.*

A formal petition for compensation having been filed by the petitioner in the above-entitled cause, to which an answer was thereafter filed by the respondent, and the matter having come on in due course to be heard before this court, at Eliza-

beth, and a basis for compromise settlement of this case having been agreed upon by and between the petitioner, his attorney, J. Frank Weigand, and the respondent and his attorney, and said basis of compromise settlement having been presented to this court, and the testimony of the petitioner having been taken and heard in open court, and the report of the petitioner's physician also having been heard in open court as well as the testimony of Dr. Avidan, a disinterested physician connected with this bureau, it is found and determined from said testimony and from the stipulated facts as follows:

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on December 11th, 1928. He says that at that time he was a laborer and while digging a ditch the bank caved in and the petitioner was completely buried. He alleges that as a result of said accident he sustained serious and permanent injury. He alleges that he received, as a result of the said accident, hernia and a fractured sturnum as well as nervous injuries, and that he is unable to sleep because of his said injuries and is unable to do work of any kind. The petitioner claims a very serious total permanent disability.

Respondent denies that the aforesaid fracture of the sturnum and hernia as well as any nervous injury or central nervous disturbances or any other conditions of the petitioner are the result of an accident arising out of and in the course of his employment with the respondent, but the respondent takes all injuries, diseases and any and all other conditions of the petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing this compromise settlement not only on the present condition of the petitioner but on any and all developments in his condition of any nature whatsoever, which may be by him or by doctors alleged to be the result of his alleged accident, either directly or by way of aggravation, is willing to make a compromise settlement of the entire matter for three weeks' temporary disability and for ten per cent. of total permanent disability, or fifty weeks at $17 a week.

It is agreed that all counsel fees and all medical expenses as well as any other expenses incurred by the petitioner are to be paid by the petitioner himself. This court directs that a counsel fee of $125 be paid by the petitioner to his attorney and that a medical fee of $60 be paid by the petitioner to his doctor, and that the petitioner pay all other expenses incurred by him.

From the testimony and the facts stipulated this compromise settlement is fair to both sides and is approved by this court upon the distinct understanding of the petitioner and his attorney and the respondent and his attorneys, that a fundamental element of this compromise settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration, and are in a large measure the reason for respondent's willingness to agree to this compromise settlement.

\*  \*  \*  \*  \*  \*  \*

CHARLES E. CORBIN,
*Deputy Commissioner.*